IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. SAYLOR, ) | |
| ) | |
| Petitioner, ) | No. C 05-0821 CRB (PR) |
| ) | |
| vs. ) | ORDER GRANTING |
| ) | MOTION TO DISMISS |
| ANTHONY KANE, Acting Warden, ) | |
| ) | (Doc # 6) |
| Respondent(s). ) | |
| ) | |

     Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on May 17, 2005, the court noted that the petition appears untimely and ordered respondent to move to dismiss the petition on the ground that it is untimely, or otherwise inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner filed an opposition arguing that he is entitled to equitable tolling and delayed commencement of the pertinent limitation period, and respondent filed a reply.

**BACKGROUND**

Petitioner was convicted of second degree murder by jury in the Superior Court of the State of California in and for the County of San Mateo. Allegations that petitioner used a firearm and caused great bodily injury were also found to be true. On October 22, 1992, petitioner was sentenced to 20 years to life.

On July 21, 1994, the California Court of Appeal affirmed the judgment of the superior court and, on November 16, 1994, the Supreme Court of California denied review.

Petitioner did not seek further review until June 16, 2003, when he began seeking collateral relief from the state courts by filing a petition for a writ of habeas corpus in the Superior Court of the State of California in and for the County of Monterey. It was denied on June 20, 2003.

On December 9, 2003, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. It was denied on December 18, 2003.

On February 13, 2004, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on December 15, 2004.

On February 24, 2005, petitioner filed the instant federal petition.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional

right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

AEDPA's one-year limitation period did not start to run earlier than April 24, 1996. A state prisoner with a conviction finalized before April 24, 1996, such as petitioner, therefore generally had until April 23, 1997 to file his federal habeas petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The instant petition was not filed until February 24, 2005, however. It is untimely unless the limitation period was tolled for a substantial period of time.

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Unfortunately for petitioner, by the time he filed his first state habeas petition on June 16, 2003, the one-year limitation period had long expired on April 24, 1997. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp.

254, 259 (S.D.N.Y. 1998).

Petitioner claims he is entitled to equitable tolling of the limitation period because he lacked the necessary legal and educational skills to understand the provisions of AEDPA and file his petition on time. He also claims that he is entitled to delayed commencement of the limitation period under § 2244(d)(1)(B) because he was incorrectly advised by prison-assigned inmate legal clerks that his case was not governed by AEDPA, and under § 2244(d)(1)(D) because he did not have all of his trial records until June 2003.

### 1. Legal and educational skills

The one-year limitation period may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Equitable tolling is justified in few cases. "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda, 292 F.3d at 1066 (citation and internal quotation marks omitted).[1] The prisoner "bears the burden of showing that this extraordinary exclusion should apply to him." Id. at 1065.

---

[1] See, e.g., Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promises prisoner's lawyer to obtain prisoner's signature in time for filing petition, but then breaks his promise, causing petition to be late); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (finding equitable tolling warranted where district court erroneously refused to accept petition for filing because of technical deficiency in cover sheet and lost body of petition by the time petitioner sent in corrected cover sheet); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (finding equitable tolling warranted where prison authorities failed to follow prisoner's request to draw filing fee for habeas petition from his trust account and mail it with petition to district court for filing).

4

1 Petitioner's claim for equitable tolling based on his assertion that he lacked
2 the necessary legal and educational skills to understand the provisions of AEDPA
3 and file his petition on time is without merit.  It is well-established that lack of
4 understanding of the law and legal process are not considered extraordinary
5 circumstances entitling pro se prisoners to equitable tolling of AEDPA's
6 limitation period.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)
7 (ignorance of the law, including existence of AEDPA, insufficient to warrant
8 equitable tolling of limitation period); Felder v. Johnson, 204 F.3d 168, 172-73 &
9 n.10 (5th Cir. 2000) (ignorance of the law or lack of knowledge of filing deadlines
10 does not justify equitable tolling of limitation period); Cantu-Tzin v. Johnson, 162
11 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings
12 did not justify equitable tolling of limitation period); see also Hughes v. Idaho
13 State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se
14 petitioner not sufficient cause to avoid procedural bar).

2. Unqualified inmate legal clerks

Under § 2244(d)(1)(B), the one-year limitation period starts on the date on which "an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  Petitioner claims he is entitled to delayed commencement of the limitation period under § 2244(d)(1)(B) because the state "created an impediment commencing in 1996 when he was advised by prison assigned, unqualified legal clerk inmates, that his case was not governed by AEDPA."  Petitioner's claim is without merit.

The few cases applying § 2244(d)(1)(B) have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions, and comport with the plain meaning of the provision, "which

applies when a petitioner has been impeded from filing a habeas petition." Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005). For example, a petitioner's inability to learn about AEDPA's limitation period because there were no AEDPA materials available in the prison library may constitute an impediment to the filing of a timely petition, see Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc), but an unfavorable state appellate opinion that may discourage a petitioner from seeking collateral review is not an impediment to the filing of a timely petition, see Shannon, 410 F.3d at 1087. Petitioner's claim that he was incorrectly advised by prison-assigned inmate legal clerks in 1996 that his case was not governed by AEDPA is more like Shannon than Whalen/Hunt. Although the incorrect advice petitioner received may have discouraged him from diligently seeking habeas relief, it did not impede him from doing so and ultimately filing a timely petition. Petitioner is not entitled to delayed commencement of the limitation period under § 2244(d)(1)(B). See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetent "jailhouse lawyers" did not amount to "cause" to excuse procedural default); Henderson v. Johnson, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (reliance on bad advice from jailhouse lawyer not extraordinary circumstance requiring equitable tolling of limitation period). After all, the Ninth Circuit made clear in 1997 that state prisoners whose convictions were finalized before April 24, 1996 had only until April 23, 1997 to file a federal petition. See Beeler, 128 F.3d at 1287. Petitioner waited until June 2003 to start seeking collateral relief. He is not entitled to delayed commencement, or equitable tolling, of the limitation period based on his claim of bad advice in 1996.

        3.     Trial records

Under § 2244(d)(1)(D), the one-year limitation period starts on the

6

date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (citation and quotation marks omitted). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted). Petitioner claims he is entitled to delayed commencement of the limitation period under § 2244(d)(1)(D) because he did not receive all of his trial records until June 2003 and, therefore, "it was literally impossible for him to have prepared his claims prior to 2003." The claim is without merit.

Petitioner confuses knowledge of the factual predicate of his claims with the time permitted for developing and gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]." Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). Petitioner argues that he was unable "to develop," as opposed to discover, "the factual predicate of his [ineffective assistance of counsel] claims." But the record makes clear that petitioner could have "discovered" the factual predicate of all of his claims by simply consulting his memory of the trial proceedings (not to mention the portion of the trial record he concedes he had in his possession long before June 2003). See, e.g., United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (in analogous habeas case under § 2255, holding that although petitioner did not have access to trial transcripts, the facts supporting claims which

7

occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitation period under § 2255(4)). That petitioner chose to wait until he had all portions of the trial record before filing for collateral relief (presumably to develop and perfect his claims) is not a valid reason for delaying commencement of the limitation period under § 2244(d)(1)(D). Accord id.[2]

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (doc # 6) is GRANTED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Dec. 15, 2005

CHARLES R. BREYER
United States District Judge

---

[2] Nor has petitioner shown that equitable tolling should apply to him based on his claim that he did not receive all portions of the trial record until June 2003. See Miranda, 292 F.3d at 1065 (petitioner "bears the burden of showing that this extraordinary exclusion should apply to him"). Petitioner has not set forth any valid reason for the asserted delay in obtaining the complete trial record, or demonstrated that the delay was beyond his control. Nor has he shown how any missing portion of the record made it impossible for him to file a timely federal petition. Cf. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to the filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript).